# JANUARY TERM, 1919.

MANSHAEM *v.* KENT CIRCUIT JUDGE.

APPEAL AND ERROR—WRIT OF ERROR—JUDGMENT EXCEEDING $500—
STATUTES.

> An order of the circuit court, on appeal from the probate
> court, reversing an order of the probate court, and direct-
> ing distribution of a fund of $3,000 to persons other than
> the one mentioned in the probate court order, is a final
> determination of an amount exceeding the sum of $500,
> under Act No. 172, Pub. Acts 1917, and the circuit judge,
> in his discretion, had the right to grant an extension of
> time in which to settle a bill of exceptions, although no
> writ of error had been applied for or other proceedings
> taken under Supreme Court Rule No. 59 and said act.

Mandamus by Daniel F. Manshaem to compel William B. Brown, circuit judge of Kent county, to grant an extension of time to settle a bill of exceptions. Submitted January 7, 1919. (Calendar No. 28,539.) Writ granted January. 15, 1919.

*Jewell & Smith,* for plaintiff.

*Charles E. Ward,* for defendant.

MOORE, J. This is an application for a writ of mandamus to compel the circuit judge to grant an extension of time in which to settle a bill of exceptions in a cause pending in the Kent circuit court on appeal from the probate court in which the relator was petitioner and Florence Nichols and Della J. Dennis were respondents.

(429)

The answer of the circuit judge contains the following:

"1. That said petition is regularly, seasonably and in good faith filed.

"2. That said petition and the circumstances of the case appeal to the discretion of the court to such an extent that were it not for the fact that the court believes under the further findings of this order that the plaintiff has lost the right to sue out a writ of error, the court in the exercise of its discretion would without hesitation grant said petition and further extend the time for the settlement of said bill of exceptions.

"3. But the court is of the opinion that this cause falls within the provisions of Act No. 172 of the Public Acts of 1917, providing as follows:

"'SEC. 1. Writs of error, upon any final judgment or determination, where the judgment exceeds in amount five hundred dollars, may issue, of course, out of the Supreme Court, in vacation as well as in term, and shall be returnable to the same court; and in all other cases such writ may issue in the discretion of the Supreme Court upon proper application.'

"4. It being conceded that no writ of error has been applied for or other proceedings taken under Supreme Court Rule No. 59 and said act, this court finds that plaintiff has lost the right to sue out a writ of error as a matter of law regardless of the action it would otherwise take were it not restricted by said act and rule."

The relator is a son of John Manshaem, deceased, who left a will which was duly probated and his estate was duly administered. The executor filed his final account. The relator asked for what he claimed was due him from the estate. The probate court made an order reading in part:

"For the purpose of distributing the cash balance of $7,391.28 it is hereby determined that the gross receipts coming into the hands of said executor amounted to $7,869.99, and that the gross expenses and

charges of administration, debts paid, etc., amounted to the sum of $478.71 and that, of said sum of $7,-869.99, the sum of $6,000 shall be deducted and set aside for equal division of $3,000 each, to and between the said two sons, Evril J. Manshaem and Daniel F. Manshaem, and that the balance of the said gross receipts, same being $1,869.99, shall be divided in the proportions of two-thirds thereof to said Florence Nichols, and one-third thereof to Della J. Dennis aforesaid."

An appeal was taken from this order to the circuit court, where after a hearing the circuit judge made an order reading in part as follows:

"That the order of said probate court for the county of Kent, made the 18th day of August, 1916, construing said will and distributing said estate be and the same hereby is set aside and reversed; that said cause be remanded to the said probate court of the county of Kent, and that said probate court enter the necessary order or orders assigning and distributing all of the personal property belonging to said estate, including the proceeds of the sale by the testator of the farm of John Manshaem, deceased, except that part of said personal property mentioned in the second paragraph of said will already distributed, between Florence Nichols and Della J. Dennis, according to the third paragraph of said will; that is to say, two-thirds thereof to Florence Nichols and one-third thereof to Della J. Dennis subject, etc."

Reading these two orders together it must be concluded that the circuit judge made a final determination that a fund of $6,000, one-half of which was ordered by the probate judge to be distributed to the relator should not be distributed to him, but should be distributed two-thirds to Florence Nichols and one-third to Della J. Dennis. We think this was a final determination of an amount exceeding the sum of $500, and that the circuit judge in the exercise of his discretion had the right to grant an extension of time in which to settle a bill of exceptions.

Inasmuch as he returns that if he thought he had the power he would have granted the extension the relator will be given 60 days from the filing of this opinion to settle his bill of exceptions. He will recover costs of this motion from Florence Nichols and Della J. Dennis.

BIRD, C. J., and STEERE, BROOKE, FELLOWS, STONE, and KUHN, JJ., concurred. OSTRANDER, J., did not sit.